JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6250 | **DATE** | 8/24/2000 |
| **CASE TITLE** | KUBICA vs. WASHINGTON NATIONAL INSURANCE CO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. This action is dismissed in its entirety. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 8 2000 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | E0-7 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 8/24/2000 | |
| | | 00 AUG 25 AM 8:34 | date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REBECCA KUBICA,

    Plaintiff,

v.                                                         No. 99 CV 6250

WASHINGTON NATIONAL
INSURANCE COMPANY,

    Defendant.

DOCKETED AUG 2 8 2000

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Rebecca Kubica ("Kubica") filed this complaint pursuant to § 1132(a) of the Employee Retirement Income Security Act ("ERISA"), against defendant Washington National Insurance Company ("Washington"), claiming that Washington wrongfully denied disability benefits under a policy of group medical and disability insurance for the employees of Washington. Plaintiff Kubica and defendant Washington have each filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, this court DENIES plaintiff Kubica's motion for summary judgment and GRANTS defendant Washington's motion for summary judgment.

1



## STATEMENT OF FACTS[1]

Plaintiff Kubica was an employee of defendant Washington between 1989 and 1995. In October of 1993, Washington issued a Group Insurance Plan, Policy EB600062 ("Washington Policy"), for its eligible employees, which included Kubica. Claims Service International, Inc. ("CSI") was the claims advisory agent for Washington and reviewed all Washington's employees' disability claims. Trustmark Insurance Company ("Trustmark") also reviewed disability claims made under the Washington Policy. While employed with Washington, Kubica was employed as a case management coordinator and her responsibilities included evaluating claims based upon policy language and claim investigation. On March 31, 1995, Kubica voluntarily resigned from her position with Washington without stating a reason for her resignation.

On November 14, 1996 and December 6, 1996, Kubica executed applications for disability benefits under the Washington Policy. Kubica asserted in the applications that she had been disabled since June 1, 1994. On February 12, 1997, Trustmark denied Kubica's application for disability benefits. Trustmark denied her claim because she failed to provided notice of the loss within 90 days after the loss occurred, Kubica worked during the period between the date of disability and her voluntary resignation, and Kubica lacked any clear disability condition since June 1, 1994.

In the meantime, Washington also forwarded Kubica's disability claim to CSI for review in January of 1997. Kubica's December 8, 1996 application indicated that her first treatment for the disabling condition occurred on June 21, 1994. As part of this application, however, Kubica

---

[1] The following statement of facts comes from the parties' Local Rule 12(M) and (N) statements of material facts and accompanying exhibits. On September 1, 1999, the new local rules were implemented and now reference the statements as Local Rule 56.1(a)(3) and 56.1(b)(3). The following statement of facts are undisputed unless otherwise noted.

included a statement from Kubica's attending physician, Dr. Suehyle Khadra ("Dr. Khadra") which indicated that Kubica first saw Dr. Khadra on June 21, 1996. On that visit, Dr. Khadra diagnosed Kubica as suffering from severe ataxia and nystagmus.

Nancy Crockett ("Crockett"), a disability benefit specialist for CSI, forwarded correspondence to Dr. Khadra on February 24, 1997, requesting additional information and records based upon the discrepancy between the date of first treatment on Kubica's application and the attending physician's statement. CSI received Dr. Khadra's records on April 7, 1997. Crockett then confirmed orally that Dr. Khadra first treated Kubica on June 21, 1996 as an inpatient at Ravenswood Hospital and again on July 16, 1996 in his office.

On April 10, 1997, CSI also forwarded correspondence to Swedish Covenant Hospital, Dr. Michael Feinzimer, and Ravenswood Hospital, requesting information to confirm whether Kubica suffered from the claimed disability. Swedish Covenant Hospital provided medical records regarding Kubica's inpatient visit in February 1994. None of Swedish Covenant Hospital records reflected a treatment or diagnosis of severe ataxia or nystagmus, nor did they indicate that Kubica suffered from a disability. Instead, the records revealed that Kubica was treated for pneumonia. On April 22, 1997, based on the recommendation of CSI and Trustmark, Washington denied Kubica's application for long-term disability benefits. Washington invited Kubica to submit additional documentation within 60 days if she sought to have the denial of benefits reconsidered.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

3

of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S.Ct. at 2511.

## ANALYSIS

The Employment Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA") is the federal statute governing the administration of employee welfare benefit plans. An "employee welfare benefit plan" is a plan established for the purpose of providing benefits in the event of a disability to the plan's participants or beneficiaries. 29 U.S.C. § 1002(1). Washington maintains an "employee benefit plan" within the meaning of ERISA. Section 502(a)(1)(b) of ERISA allows a beneficiary of an employee benefit plan to bring a civil action to recover benefits due to him or her under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). The beneficiary must establish, however, that he or she "has satisfied the conditions necessary for benefits under the plan." Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1133 (7th Cir. 1992).

I. Standard of Review for Claims Denied Under ERISA

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court held

that an ERISA plan's denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B), such as the determination objected to in this case, is to be reviewed by a court under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. See also Hightshue v. AIG Life Ins. Co., 135 F.3d 1144, 1147 (7th Cir. 1998). The Seventh Circuit has found that there are "no magic words" that confer discretion on a plan administrator. Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000); Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810, 814 (7th Cir. 1997).

Before turning to the merits of Kubica's claim, the court must first address the proper scope of review of Washington's decision to deny Kubica's claim for disability benefits. In Herzberger, the Seventh Circuit sought to make "uniform" the language needed in an ERISA policy in order for the courts to review the decision of the plan administrator under an arbitrary and capricious standard. Herzberger, 205 F.3d at 329. To assist in clarifying its position, the Seventh Circuit drafted "safe harbor" language for employers to include in an ERISA policy in order to insure application of the arbitrary and capricious standard. Id. at 331. It states, "[b]enefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." Id.

In this case, however, Washington did not have the benefit of the Herzberger decision, as the plan language does not include the "safe harbor" language. So, the court must look further a determine whether Washington's plan's language "'signaled the subjective, discretionary character of judgment that was to be made.'" Id. (quoting Donato v. Metropolitan life Ins. Co., 19 F.3d 375, 379 (7th Cir. 1994)). The Seventh Circuit made clear though that the "safe harbor" language is not mandatory because "in some cases it will be reasonably clear that the plan administrator is to exercise discretion." Id. A court should keep in mind that, while an ERISA plan may specify that

5

the administrator has discretion in interpreting or applying the plan, "the conferral of discretion is not to be assumed." Id. "The mere fact that a plan requires a determination of eligibility . . . or requires proof or satisfactory proof of the applicant's claim" does not give an employee sufficient notice that the plan administrator has discretionary power largely insulated from judicial review. Id. Rather, if an ERISA plan stipulates deferential review, the stipulation must be clear. Id. at 332.

In this case, Washington's Policy states "[w]e have sole discretionary authority to determine eligibility for benefits and construe plain terms. Any matters of dispute will be decided and resolved in accordance with our interpretation of policy provisions in question." The court believes this language confers sufficient discretion to invoke the arbitrary and capricious standard of review. Participants of the plan are given adequate notice that it is within the discretion of Washington to approve or deny benefits. Therefore, the court will review Washington's decision to deny Kubica disability benefits under the arbitrary and capricious standard.

The arbitrary and capricious standard allows a court to only overturn the defendants' decision to deny benefits when there are special circumstances such as bad faith or fraud, or if it is not possible to offer a reasonable explanation, based on the evidence, for a particular outcome. See Exbom v. Central States, Southeast and Southwest Areas Health and Welfare Fund, 900 F.2d 1138, 1142-43 (7th Cir. 1990). Thus, "under this deferential standard, the plan's decision to deny benefits is reviewed only to determine whether it was 'downright unreasonable.'" Brehmer v. Inland Steel Industries Pension Plan, 114 F.3d 656, 660 (7th Cir. 1997) (quoting Donato v. Metropolitan Life Ins. Co., 19 F.3d 375, 380 (7th Cir. 1994)). In other words, a court must uphold a decision so long as that decision is based on a reasonable interpretation of the plan's language and the evidence in the case. Daill v. Sheet Metal Workers' Local 73, 100 F.3d 62, 68 (7th Cir. 1996). All questions of

judgment are left to the plan, and a court must be very confident that the plan overlooked something important or seriously erred in appreciating the significance of the evidence to overturn the plan's determination. Patterson v. Caterpillar, Inc., 70 F.3d 503, 505 (7th Cir. 1995). A court is limited to the administrative record when conducting a deferential review of an administrator's decision. See Perlman v. Swiss Bank Comprehensive Disability Protection Plan, 195 F.3d 975, 981-82 (7th Cir. 1999).

II. Application of the Arbitrary and Capricious Standard

Applying the above standards to Kubica's denial of disability benefits, this court concludes that Washington's interpretation of the plan documents and other medical information was not arbitrary and capricious. The plan states that you are only eligible for insurance benefits if you are a full-time employee and the eligibility ceases when the insured is no longer a full-time employee. (Ex. A, at 14, 16). Disability and disabled are defined in the Washington Policy as "the insured cannot perform each of the material duties of his [or her] regular occupation" because of an injury or sickness. (Ex. A, at 74-75). The disability must begin while the insured is still covered under the policy. Id. An insured must submitted proof that he or she has a continued disability due to a sickness or injury which requires proof of regular attendance of a physician. (Ex. A, at 77). In addition, the insured must give notice of the claim "within 30 days of the date [the] disability starts" or as soon as possible. (Ex. A., at 81). The insured must also provide proof of the claim "no later than 90 days after the end of the elimination period" and if that is not possible, as soon as reasonably possible, but no more than a year after the time proof is otherwise required, unless the insured is legally unable to notify Washington. Id.

In this case, the Washington Policy put the onerous on Kubica to provide notice of her

alleged disability. The Washington Policy specifically stated that the insured must provided notice within 30 days of the date the disability starts. Here, the undisputed evidence shows that Kubica alleged her disability began on June 1, 1994. Yet, Kubica did not make an application for benefits for more than two years after the first date of disability. Moreover, Kubica has not provided a shred of evidence that she was unable, legally or otherwise, from submitting her application for disability benefits until the time she did. In fact, Kubica continued to work for Washington for almost ten months after her alleged disability began. Thus, under the Washington Policy's provisions, it was not unreasonable for Washington to determine that Kubica failed to provide timely notice of her alleged disability in compliance with the Washington Policy's provisions.

Additionally, as previously noted, the Washington Policy also put the onerous on the insured to provide proof of the alleged disability when submitting an application. Here, the evidence is uncontradicted that Kubica failed to provide any proof that her disability began in 1994 or even prior to her resignation from Washington. In fact, the claim administrator actually sought out the necessary information, and even after receiving the information, there was insufficient evidence that Kubica suffered from a disability in 1994 or any time prior to her resignation from Washington.[2] Thus, Washington's decision to deny disability benefits was not "downright unreasonable" because Kubica failed to provide notice and proof of her alleged disability as required by the Washington

---

[2] Kubica argues, without support, that had Washington obtained the right information, it would have been able to easily determine that she suffered from a disability in June of 1994. Yet, as noted, under the terms of the Washington Policy, Kubica was to produce documentation to the claims administrator to show that she suffered from a disability, while employed at Washington, and that she received continued care from a physician. Kubica provided no such documentation to the claims administrator. And, as previously noted, a court is limited to the administrative record when conducting a deferential review of an administrator's decision. See Perlman v. Swiss Bank Comprehensive Disability Protection Plan, 195 F.3d 975, 981-82 (7th Cir. 1999).

Policy.

Consequently, the decision of Washington to deny disability benefits cannot be overturned on the basis of it being arbitrary and capricious. Thus, Washington's motion for summary judgment as to its denial of disability benefits is granted and Kubica's motion for summary judgment is denied.

III. ERISA Preemption

In her complaint, Kubica alleges a state breach of contract claim and a violation of Section 5/155 of the Illinois Insurance Code. Defendant Washington moves for summary judgment as to these pending state law claims, arguing that ERISA preempts Kubica from seeking recovery under state law. Kubica concedes that any state law claims are preempted by ERISA. Accordingly, summary judgment in favor of Washington on any pendant state law claims is warranted.

CONCLUSION

For the above stated reasons, defendant Washington's motion for summary judgment is GRANTED. Plaintiff Kubica's motion for summary judgment is DENIED. The case is dismissed in its entirety. All other pending motions are moot.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: August 24, 2000